REEVE, Appellant, *v.* CITY OF BILLINGS ET AL.,
RESPONDENTS.

(No. 4,565.)

(Submitted April 9, 1920.  Decided April 27, 1920.)

[189 Pac. 768.]

*Cities and Towns — Special Improvements — Limit of Cost —
Statutes and Statutory Construction.*

Cities and Towns—Special Improvements—Limit of Cost Per Lineal Foot
—Inapplicability of Statute.
1. *Held,* that the limitation of $1.50 per lineal foot placed upon
municipal improvements by section 2, Chapter 89, Laws of 1913, or
Chapter 175, Laws of 1919, as amended by Chapter 142, Laws of 1915,
has no application to street grading, draining, paving or curbing and
gutter work.

Statutory Construction—Intent of Legislature.
2. Statutes should be given an interpretation best calculated to carry
out the intent of the legislature in enacting them.

*Appeal from District Court, Yellowstone County; Charles A.
Taylor, Judge.*

SUIT by E. E. Reeve to restrain the City of Billings and
others from levying the cost of special improvements against
his property.  Judgment for defendants, and plaintiff appeals.
Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Waldo & Cunningham,* for Appellant.

*Messrs. Johnson & Coleman,* for Respondents.

MR. JUSTICE COOPER delivered the opinion of the court.

By his complaint in the court below the appellant sought to
restrain the city of Billings, its mayor and other officers, from
levying the cost of the improvements constructed in Improve-
ment District 168 in excess of $1.50 per lineal foot, plus the
cost of curb and gutters against his property situated within
that district.  He alleges that all the steps required by law
to put the work in motion were followed by the respondent

city, including the making of a contract and the giving of a bond under the provisions of Chapter 89 of the Acts of the Thirteenth Legislative Assembly, as amended by Chapter 175 of the Sixteenth Legislative Assembly. He specifically alleges that the resolution of intention and the notices provided for the construction of concrete curbs and concrete gutters along the streets and avenues, and the grading and draining of the streets and avenues within the district; that neither the resolution of intention nor the notice published and mailed indicated that within said special improvement district any waterworks, water-mains or extensions of water-mains were to be constructed; that the contract did not provide that such waterworks, water-mains, or extension of water-mains, should be constructed, and that none were constructed within said district; that the cost of the improvements so constructed exceeded the sum of $107,000; that the whole cost for grading, draining and paving would amount approximately to $9 per lineal foot, and in addition forty cents per square foot for gutters, and sixty-five cents per lineal foot for the curb,—a total in excess of $10 per lineal foot for all the different kinds of work done within said district; that unless restrained, defendants will, in default in the payment of the taxes or assessment so levied, proceed to advertise and sell his property for the payment of delinquent taxes; that he has no plain, speedy and adequate remedy at law, and that irreparable damage will be done him unless the defendants are restrained from levying and assessing the cost thereof against the property of plaintiff and defraying the cost of such improvements. To this complaint a general demurrer interposed to the complaint in the court below was sustained. Upon appellant's refusal to amend, the court rendered a judgment of dismissal. The appeal is from the judgment.

By Chapter 175, Laws of 1919, sections 3413–3417, Revised Codes, providing for the creation of a special improvement district for the construction or acquisition of a system of waterworks, and the collection of special assessments to pay for the

same, are repealed. The Act then provides that whenever the public interest or convenience may require, the city council is authorized to create special improvement districts and order the construction of improvements in the streets of cities, including waterworks, water-mains and extensions of water-mains. Section 2 of Chapter 89 as amended by Chapter 142, Laws of 1915, is amended only by the insertion in the second section of that Act of the words "waterworks, water-mains, and extension of water-mains," and the addition at the end of section 2, as it then stood, of the following: "Provided, however, that the whole cost so assessed shall at no time exceed the sum of $1.50 per lineal foot plus the cost of the pipe so laid of the entire length of the water-mains laid in such district."

The sections of the Revised Codes repealed by the later Act made provision for the construction of municipal waterworks; the creation of districts for that purpose; for the issuance of warrants, and specified the mode in which the levy and collection of special assessments should be carried out.

Appellant in his brief contends that the words in section 2 [1] of Chapter 175, "whole cost so assessed," must be read in connection with those sections of Chapter 89, as amended, having to do with assessments, and that it was the legislative intent that municipalities should be limited in the construction of public improvements to $1.50 per lineal foot of improvements constructed, plus the cost of pipe in cases where the laying of the pipe within the district was part of the contemplated improvement. Respondents contended in the court below that it was intended to limit a municipality in the construction of improvements only when the improvement constructed was "waterworks, water-mains and extension of water-mains." We are of opinion that whatever may have been the intention of the legislature in the use of the words "waterworks, water-mains and extension of water-mains," and the "limitation of the cost to $1.50 per lineal foot, plus the cost of the pipe laid," it was not that the municipal bodies of the state should be limited to the expenditure of $1.50 per lineal foot for the "grading,

draining and paving, and curb and gutter work," which the plaintiff alleges could not be installed for less than $10 per lineal [2] foot. The Act in question should be given an interpretation best calculated to carry out the actuating thought in the minds of the legislature at the time of its passage. (*State ex rel. Knight* v. *Cave*, 20 Mont. 468, 52 Pac. 200.)    The interpretation for which appellant contends would work the defeat of the purpose manifestly intended in the passage of Chapter 175 (Sixteenth Session), and the Acts of which it is amendatory.

The judgment is affirmed.

*Affirmed.*

Associate Justices Holloway, Hurly and Matthews concur.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.